Martin, J:
The defendant in error Low, was plaintiff below. The original action was in the superior court of Montgomery county, upon a promissory note, a copy of which is as follows:
“ $1,000. • Dayton, Ohio, April 1st, 1876.
“ One year after date we promise to pay to the order of D. B. Low, one thousand dollars, for value received, with interest at eight per cent, per annum, payable at Citizens’ Bank, Dayton, Ohio.
“ Wilkinson & Evans,
“Osborn, Satcamp & Co.”
Upon said note are the following endorsements :
“ April 14th, 1877, received on the within note interest in full to April 1st, 1877. D. B. Low.”
“April 6th, 1878, received on the within note interest in full to, April 1st, 1878. . D. B. Low.”
“Received on the within note, interest up to April’lst, 1879. D. B. Low per C. M. Low.”
The plaintiffs in error, Osborn, Satcamp & Co., were sureties and answered that the plaintiff by successive agreements with the principal makers in April of the years 1877, *351 1878 and 1879, extended the time of payment for one jmar on’each occasion, and thereby discharged the sureties.
The reply was a general denial of the averment of the answer. On the trial of this issue in the superior court, judgment was rendered against the sureties. .A motion for a new trial on the ground that the verdict was contrary to; the evidence, was overruled, and a bill of exceptions con-, taining all the testimony was allowed.
On error to the district court the judgment was affirmed.' And to reverse the .judgment of the district court this case, is here.
The material facts are not controverted, and are as fol-: lows: In April, 1876, Low loaned Wilkinson & Evans $1,000 upon a verbal .agreement that the loan should be at; the'rate of ten per cent, per annum, of which, the usuriour two per cent, was to be paid in advance, and that they were to have the money as. long as they wanted it by paying at the end of each year..the accrued interest and the usurious two per cent, in advance; and thereupon the note sued on payable one year after date with 8 per cent, interest from date was delivered, and the usury, $20, paid down.
In April, 1877, the. note having matured, the principals paid the accrued 8 per cent, interest and also $20, being the usurious two per cent, interest for’ the second year.
In April, 1878, the. second year having expired, they paid the accrued 8 per cent, interest for that .year, and also the same- usurious .two per cent, interest in advance for another year. .
In April, 1879, at the end of the third year, they paid their interest due on the note for that year at the rate of 8 per cent.
The extensions and the agreements therefor were made without the knowledge .or. consent of the sureties. No express agreement for,, an extension was made after the delivery of the note.
The assignment of error relied on is that the verdict of the jury is contrary to the evidence. The burden was on the. sureties to prove that one, at least, of the extensions *352 granted by tbe creditor was upon a definite agreement founded on a sufficient consideration. We are of opinion that the acts of the parties after the maturity of the note, fully evidence such agreements.
The repeated payments of accrued interest at the legal rate and of usury in advance for the ensuing year,' are of themselves evidence of the intention of both parties to effect extension of the time for the successive annual terms. They are acts so deliberate and precise as to exclude even a suspicion of inadvertence or mistake. And when unaccompanied by a reservation of a right to sue, they possess all the elements of a contract
Payment of the usury in advance and the agreement to pay the legal rate stipulated in the note, constitute a valid consideration. Fawcett v. Freshwater, 31 Ohio St., 637, and the Ohio cases there cited.
We thus find, independently of the parol agreement made at the inception of the loan, a valid contract for extension made by the creditor with the principal debtor without the knowledge or consent of the sureties. And this discharges them unless the implied agreement is overcome by the testimony. That such contract need not be express and may be established by circumstances admits of no doubt. The principle is stated by Parker, C. J., in Bank v. Colcord, 15 N. H., 119, as follows: “ The reception of the interest in advance at several times furnished evidence of a contract to delay, and there is no evidence of a reservation of a right to sue on any of these occasions. This also would have operated to discharge the defendant if without his assent and there had been no subsequent transaction to which he was a party.”
Defendant in error claims that the record shows no binding contract, and that this case is identical with Jones v. Brown, 11 Ohio St., 601. It is true the parol agreement was merged in the note. Whether in an issue like this it is competent evidence as a mere circumstance to show the intention of the subsequent acts and assist in raising a presumption of agreement we need not determine. For the *353 sole purpose of fortifyiug the presumption already raised from tbe acts of the parties in this case it was unnecessary, and hence in a very strict sense inadmissible in chief.
The case of Jones v. Brown, supra, was substantially like the case in hand with the significant exception that the note taken by the creditor was payable immediately. There were the same parol agreement and yearly extensions, and similar annual payments of usury in advance and of accrued interest. The court held that whilst the creditor received in advance the usury for the first year he effectually reserved a right to sue by taking a note payable immediately; and as there was no express promise made at the beginning of the subsequent years, the same intent to indulge, with a right to sue reserved, obtained as in the first year.
In the case at bar the record affirmatively shows that there was no such reservation made at the time the note was given, or on any subsequent occasion.
The district court therefore erred in affirming the judgment of the superior court.

Judgment reversed.